## In re CHROMATED COPPER ARSENATE (CCA) TREATED WOOD PRODUCTS LIABILITY LITIGATION

**Jerry Jacobs v. Osmose, Inc., et al., S.D. Florida, C.A. No. 1:01-944**

**Albert Miller, et al. v. Home Depot, USA, Inc., et al., W.D. Louisiana, C.A. No. 2:01-859**

### No. 1438.

Judicial Panel on Multidistrict Litigation.

Feb. 15, 2002.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

* Judge Selya took no part in the decision of this matter.

## ORDER DENYING TRANSFER

HODGES, Chairman.

This litigation consists of two actions pending, respectively, in the Southern District of Florida and the Western District of Louisiana. Plaintiff in the Florida action moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Southern District of Florida. All responding defendants, as well as plaintiffs in the Louisiana action, oppose transfer.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. Movant has failed to persuade us at this time that any common questions of fact and law in this docket are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer. We point out that alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan. Mult.Lit.1978). *See also Manual for Complex Litigation, Third,* § 31.14 (1995).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is DENIED.